**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSEPH MCCRAY, as next friend for WOODROW MILLER,<br><br>Petitioner,<br><br>v.<br><br>BECKY SCOTT, Warden, Hudson County Jail,<br><br>Respondent. | No. 25cv15809 (EP) (MAH)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

Joseph McCray commenced this action on September 16, 2025, purporting to act as "next friend" for Petitioner Woodrow Miller pursuant to 28 U.S.C. § 2242.[1] D.E. 1 ("Petition" or "Pet."). On November 18, 2025, Mr. McCray filed an Amended Petition, D.E. 2 ("Amended Petition" or "Am. Pet."). He now moves for leave to file a Third Amended Petition[2] and for Petitioner's admission to bail, D.E. 3 (the "Motion" or "Mot.").[3] Mr. McCray has signed and verified every filing to date; Petitioner has not signed or verified any filing.

[1] Mr. McCray identifies himself as Petitioner's uncle and as a "trained paralegal." Pet. ¶ 7; Am. Pet. ¶ 7. Mr. McCray has not submitted any independent documentation of either the family relationship or Mr. McCray's training.

[2] The Court notes that while Mr. McCray moves to file a *third* amended petition, he did not file a second amended petition.

[3] The Court refers to the materials filed at D.E. 3, including Mr. McCray's memorandum at D.E. 3-1 and the independent investigative report, Ex. A, as the "Motion." Throughout, for ease of reference, the Court refers to the page numbers automatically generated by CM/ECF when citing the Motion and materials therein.

The pending Motion presents a threshold question common to the original Petition, the Amended Petition, and the Motion: whether Mr. McCray was authorized to bring this action on Petitioner's behalf. Applying Rule 4 of the Rules Governing Section 2254 Cases, the Court concludes that Mr. McCray has not established next-friend standing. The Court will therefore **DENY** Mr. McCray's next-friend status, **DENY** the Motion because Mr. McCray lacked authority to file it, and **ADMINISTRATIVELY TERMINATE** this action. Petitioner may reopen the case within **45 days** after service by filing a personally signed and verified amended petition.

## I. BACKGROUND

On December 15, 2009, Quaneera Adams was shot in Hudson County, New Jersey, and died of a gunshot wound to the head. Mot., Ex. A (Investigative Report of Engineering Systems Inc., hereinafter "Investigative Report") at 14. Petitioner placed the 9-1-1 call and sustained a gunshot wound to his own arm. *Id.* at 14, 16. After an investigation, Petitioner was indicted for Adams's murder under Hudson County Indictment No. 10-06-1174 and, in 2014, was convicted by a jury of first-degree murder and related weapons and obstruction offenses, including possession of a defaced firearm, hindering apprehension, and obstruction of justice. *See State v. Miller*, No. A-0124-14 (N.J. Super. Ct. App. Div. Oct. 4, 2016).[4] The trial court sentenced Petitioner to sixty years' imprisonment. *Id.* Petitioner appealed, and the Appellate Division affirmed. *Id.*

Petitioner then sought post-conviction relief ("PCR"), which the trial court denied in 2018. *State v. Miller*, No. A-5562-17T4, 2019 WL 5958126, at *1 (N.J. Super. Ct. App. Div. Nov. 13,

[4] A court "may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *S. Cross Overseas Agencies*, *v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) (citations omitted).

2019), *certif. granted and remanded*, 246 N.J. 429 (2021). In 2019, the Appellate Division reversed the denial of PCR, concluding that trial counsel had rendered ineffective assistance by failing to conduct a meaningful pretrial investigation—specifically, by failing to retain forensic-pathology expertise capable of testing competing accounts of how the fatal shot was fired.[5] *Id.* The Appellate Division expressly declined to predict the outcome of any retrial, observing only that it would depend on the evidence ultimately presented. *Id.* After a supplemental hearing and a further remand from the New Jersey Supreme Court, the Appellate Division reaffirmed its finding and ordered a new trial on July 12, 2021. *State v. Miller*, No. A-5562-17, 2021 WL 2944934, at *4 (N.J. Super. Ct. App. Div. July 12, 2021). Petitioner has remained in pretrial detention at the Hudson County Jail since the 2019—now approaching seven years—awaiting a retrial. Am. Pet. at 1–2.

The original Petition asserted two grounds for relief: (1) violation of the Sixth Amendment right to a speedy trial, *see Barker v. Wingo*, 407 U.S. 514 (1972); and (2) violation of the right to conflict-free counsel, *see Cuyler v. Sullivan*, 446 U.S. 335 (1980), premised on the allegation that Petitioner's court-appointed counsel also represents a brother of the victim. *See* Pet. The Amended Petition reasserted those grounds with additional factual allegations. *See* Am. Pet. Mr. McCray alone verified both filings; neither includes a declaration from Petitioner. *See* Pet. at 10; Am. Pet. at 9.

---

[5] The public appellate record reflects that investigators recovered two notebooks from the victim's belongings at the scene, one of which was a diary containing entries reflecting her stated wish to harm both herself and Petitioner, and that the initial police characterization of the shooting was of an "apparent suicide." *Miller*, 2019 WL 5958126 at *2. The appellate decision does not appear to address the contents of the second notebook.

On February 18, 2026, Mr. McCray filed the present Motion for leave to file a Third Amended Petition and for Petitioner's admission to bail. Mot. The proposed amended petition restates the speedy trial and conflict of interest claims, adds an actual innocence claim based on a 2025 forensic report, and also seeks bail.[6] *See* Mot. The Motion presents seven "Points," including next-friend standing (Point I); an argument that state remedies are "ineffective" under 28 U.S.C. § 2254(b)(1)(B)(ii) and that *Younger v. Harris*, 401 U.S. 37 (1971), abstention should not apply (Point II); the speedy trial claim, supplemented by *Vermont v. Brillon*, 556 U.S. 81 (2009) (Point III); a claim that Petitioner has been denied counsel altogether through the combined operation of an actual conflict and constructive denial, *see United States v. Cronic*, 466 U.S. 648 (1984) (Point IV); a due process claim concerning "sham" state-court status conferences (Point V); the actual-innocence claim (Point VI); and a request for bail under *Landano v. Rafferty*, 970 F.2d 1230 (3d Cir. 1992) (Point VII). Mot. at 1–2. Mr. McCray also submitted a letter addressed directly to the undersigned reiterating these arguments, D.E. 3-2 at 3–4.

Finally, Mr. McCray has identified a second, related action, *Miller v. Burns*, No. 25-14350 ("Section Action"), also assigned to the undersigned and arising, according to Mr. McCray, from the same indictment. Am. Pet. ¶¶ 30–31. That action is not before the Court on this Motion.

---

[6] The Investigative Report's own table of contents lists an "Analysis of Test Results" section beginning at page 15 and a "Conclusions" section at page 16. Mot. at 13. The copy filed with the Court appears to end at page 14, mid-discussion of testing methodology. *Id.* at 19 (marked "Page 14 of 16"). The filed exhibit does not include the pages on which the specific conclusions attributed to the report and to "Dr. Zhongxue Hua"—that the manner of death should be reclassified as "Undetermined," that the wound is "consistent with a self-inflicted gunshot wound," and that the State "washed" the recovered bullet, Mot. at 6—purportedly appear, preventing the Court from evaluating those assertions; nor is the report's author identified, as the "Appendix A: CV of Author" referenced in the proposed pleading consists only of a title page. *See* Mot. at 11.

## II. LEGAL STANDARD

Because Petitioner is awaiting retrial following the *vacatur* of his conviction, this action arises under 28 U.S.C. § 2241 rather than § 2254. Rule 4 of the Rules Governing Section 2254 Cases requires that, promptly after a habeas petition is filed, "the judge must promptly examine it," and, "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the judge must dismiss it; otherwise, the judge must order a response. Rule 4, Rules Governing § 2254 Cases. Although these rules by their terms govern petitions filed under 28 U.S.C. § 2254, a district court "may apply any or all of [them] to a habeas corpus petition not covered by Rule 1(a)," including a petition filed under § 2241. Rule 1(b), Rules Governing § 2254 Cases. Courts in this Circuit and elsewhere routinely apply Rule 4 review to § 2241 petitions on that basis. The Rules further require that a petition "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rule 2(c)(5), Rules Governing § 2254 Cases. The Court therefore must decide whether Mr. McCray was authorized to sign for Petitioner before reaching any claim.

Section 2242 permits a habeas application to be filed "by someone acting in [the detainee's] behalf," but requires that it be "signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. Because a putative next friend is not himself the real party in interest, he must satisfy two requirements before the Court may treat the petition as properly filed: (1) he must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf; and (2) he must be truly dedicated to the real party's best interests, a showing ordinarily supported by a significant relationship with the real party. *Whitmore v. Arkansas*, 495 U.S. 149, 163–64

(1990). The putative next friend bears the burden of clearly establishing both requirements. *Id.* at 164. If he does not, the Court may not reach the underlying claims. *Id.*

## III. ANALYSIS

### A. Rule 4 Permits Review of Mr. McCray's Authority

Rule 4 of the Rules Governing Section 2254 Cases directs the Court to examine whether a habeas petitioner is entitled to proceed, and Rule 2(c)(5) makes proper authorization under 28 U.S.C. § 2242 a prerequisite when someone other than the detainee signs a habeas petition. The pending Motion squarely places Mr. McCray's authority at issue. The Court therefore exercises its discretion under Rule 1(b) to review the petitions filed under Rule 4 before assessing the present Motion.

### B. Mr. McCray Has Not Established Next-Friend Standing

To satisfy *Whitmore*'s first requirement—an adequate explanation for why Petitioner cannot appear on his own behalf—Mr. McCray asserts that Petitioner has "severe" or "extremely limited" literacy, Am. Pet. ¶ 6; Mot. at 6, ¶ 1, and that the Hudson County Jail's law library is understaffed, Am. Pet. ¶ 6. As courts only grant next-friend standing when the record leaves no material doubt about the real party's inability to appear on his own behalf, Mr. McCray must clearly establish this conclusion. *See Demosthenes v. Baal*, 495 U.S. 731, 737 (1990) (per curiam). Mr. McCray does not make this showing. For one, Mr. McCray supplies no medical, psychological, or educational record for Petitioner, and no declaration from Petitioner that addresses his literacy, understanding of this proceeding, or authorization of Mr. McCray. *See* Pet.; Am. Pet.; Mot.

Moreover, the record, for example, sits in tension with that assertion. Petitioner provided a detailed, responsive recorded statement to detectives, including a physical reenactment using dolls to demonstrate the relative positions of the parties at the time of the shooting. Mot. at 16.

Mr. McCray further represents that Petitioner has personally evaluated and rejected repeated "time served" plea offers over a period of years. Am. Pet. ¶ 5; Mot. at 14. Although these facts suggest that Petitioner cannot litigate *pro se*, *Whitmore* requires an inability to appear, not difficulty litigating. 495 U.S. at 163. On this record, Mr. McCray has not shown that Petitioner cannot sign, verify, or communicate his wishes regarding a petition.

Mr. McCray's "catch-22" theory—that counsel's inaction silences Petitioner while his represented status bars him from speaking for himself—also does not, without more, establish a *Whitmore* disability. Pet. at 7–8. That theory concerns counsel's performance, not Petitioner's ability to sign, verify, or authorize a habeas filing.

As Mr. McCray has not established *Whitmore*'s first requirement, the Court need not decide whether he has established the second. And because Mr. McCray has not established next-friend standing, none of the filings Mr. McCray has made—the original Petition, the Amended Petition, or the present Motion—were properly authorized under 28 U.S.C. § 2242 or Rule 2(c)(5).

### C. Independently, Mr. McCray Cannot Litigate This Case *Pro Se* on Petitioner's Behalf

Even if Mr. McCray satisfied *Whitmore*, 28 U.S.C. § 1654 would prevent him from litigating this action *pro se* for Petitioner. Under § 1654, a *pro se* litigant may represent only his own interests in federal court. *Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882–83 (3d Cir. 1991); *Murray ex rel. Purnell v. City of Phila.*, 901 F.3d 169, 170–72 (3d Cir. 2018). Although nonprecedential, the Third Circuit has applied that principle in the habeas context, holding that "a non-attorney cannot represent another party, even if acting as a next friend." *Banks as Next Friend of Waymer v. Eddy*, 801 F. App'x 50, 51 (3d Cir. 2020); *accord Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009). That limitation is independent of *Whitmore*'s requirements.

Petitioner therefore could not cure the petitions by authorizing or ratifying Mr. McCray's *pro se* representation.

**D. Administrative Termination with Leave to Reopen Is the Appropriate Remedy**

A habeas application be "signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. As explained above, in Section III.C, because Mr. McCray has not established next-friend standing, his filings were not signed and verified by a person authorized under § 2242 and Rule 2(c)(5). Also as discussed above, Section 1654 separately prevents him from litigating the action *pro se* for Petitioner. Petitioner himself has, under *Whitmore*, always been the real party in interest. *See Whitmore*, 495 U.S. at 163 (explaining that regardless of whether next-friend status is granted, "the detained person remains the real party in interest"). As the Court has determined that Mr. McCray did not have the authority to file the petitions or Motion on Petitioner's behalf, the Court now assesses the appropriate remedy.

Rule 17(a)(3), although not directly controlling, reflects a preference for allowing a reasonable time for the real party in interest to cure a representation defect before dismissal. Here, Respondent has not appeared, no answer is due, and allowing Petitioner a short period to file a personally signed petition will prejudice no party. Accordingly, the Court will **ADMINISTRATIVELY TERMINATE** this action, with leave for Petitioner to reopen it by filing, in his own name, a petition that complies with § 2242 and Rule 2(c)(5).

Some courts after denying a next-friend petition have simply dismissed an action outright, leaving the real party in interest to pursue relief, if he wishes, in the filing of a new action on his own. *See, e.g.*, *Woodruff v. Mukasey*, No. 08-4045, 2008 WL 4450325, at *1 (N.D. Cal. Sept. 30, 2008) (denying next-friend status and dismissing petition for lack of standing where the real party had himself filed prior habeas petitions); *Demosthenes*, 495 U.S. at 737–38 (holding that habeas

petition based on next-friend status must be dismissed where the real party in interest was competent and had not sought habeas relief himself). Those cases involved a real party shown competent or previously able to file on his own. *Demosthenes*, 495 U.S. at 735; *Woodruff*, 2008 WL 4450325 at *1.

In contrast, here, no filing or statement reveals Petitioner's wishes and Petitioner has never appeared *pro se* or filed anything on his behalf in any court, and a 45-day-cure-period will prejudice no party. Administrative termination with leave to reopen—rather than outright dismissal—accounts for these distinctions. This remedy preserves Petitioner's opportunity to pursue the claims Mr. McCray has attempted to raise on his behalf without requiring him to commence a new action, at no cost to any party since Respondent has not yet appeared and no answer is due.

Thus, the Court will **DENY** Mr. McCray's next-friend status, **DENY** the Motion because Mr. McCray lacked authority to file it, and **ADMINISTRATIVELY TERMINATE** this action, with leave for Petitioner to reopen it within **45 days** of the date he is served with this Order by filing an amended petition in his own name, signed and verified by him personally in compliance with § 2242 and Rule 2(c)(5). That amended petition will supersede and replace the Petition and the Amended Petition in their entirety. The Clerk of Court shall send Petitioner, at the Hudson County Jail, a copy of this Order together with the standard form for a petition under 28 U.S.C. § 2241. *See* Rule 2(d), Rules Governing § 2254 Cases (clerk must make forms available to petitioners without charge). Petitioner may retain counsel to prepare that filing. Mr. McCray, however, may not litigate it *pro se* on Petitioner's behalf.

The Court expresses no view on the merits of the claims previously advanced. The Court also does not reach Respondent's potential exhaustion, abstention, or other procedural defenses because no authorized person filed the petitions on Petitioner's behalf.

### E. The Court Will Consider the Second Action If This Case Is Reopened

Mr. McCray has identified related action, the Second Action, arising from the same indictment and also assigned to the undersigned. Am. Pet. ¶¶ 30–31. If Petitioner files an amended petition to reopen this action, the Court will then consider whether consolidation or coordination with *Miller v. Burns* is necessary. Petitioner need not address the status of *Miller v. Burns* in that filing.

## IV. CONCLUSION

For the reasons explained above,

**IT IS**, on this _31___ day of _August___, 2026,

**ORDERED** that Joseph McCray's next-friend status is **DENIED**; and it is further

**ORDERED** that the Motion for Leave to File a Third Amended Petition and for Admission to Bail, D.E. 3, is **DENIED** because Mr. McCray lacked authority to file it; and it is further

**ORDERED** that Petitioner Woodrow Miller is **GRANTED LEAVE** to reopen this action, within **45 days** of the date Petitioner is served with a copy of this Order, by filing an amended petition in his own name, signed and verified by him personally in compliance with 28 U.S.C. § 2242 and Rule 2(c)(5), Rules Governing § 2254 Cases; upon filing, that amended petition shall supersede and replace, in their entirety, the Petition, D.E. 1, and the Amended Petition, D.E. 2; and it is further

**ORDERED** that this action is **ADMINISTRATIVELY TERMINATED**, ***without prejudice*** to Petitioner's right to reopen it as provided above; and it is further

**ORDERED** that if Petitioner does not timely file an Amended Petition to reopen this action, it shall remain closed; and it is further

**ORDERED** that the Clerk of Court shall update the docket to reflect Woodrow Miller as Petitioner; and it is further

**ORDERED** that the $5.00 filing fee previously paid in this action, Receipt No. 53013, shall be deemed to satisfy the filing fee requirement for Petitioner's Amended Petition, and no additional filing fee shall be required; and it is finally

**ORDERED** that the Clerk of Court shall send copies of this Order to Joseph McCray by regular mail and to the Office of the Attorney General of New Jersey, which has received copies of the prior filings in this action. The Clerk shall also send Petitioner, at the Hudson County Jail, a copy of this Order together with the standard form for a petition under 28 U.S.C. § 2241.

s/Evelyn Padin
Evelyn Padin, U.S.D.J.